1   TIMOTHY J. LONG (STATE BAR NO. 137591)
    tjlong@orrick.com
2   ANDREA L. BROWN (STATE BAR NO. 237629)
    abrown@orrick.com
3   ORRICK, HERRINGTON & SUTCLIFFE LLP
    400 Capitol Mall
4   Suite 3000
    Sacramento, CA  95814-4497
5   Telephone:     (916) 447-9200
    Facsimile:     (916) 329-4900
6
    Attorneys for Defendants
7   U.S. Bancorp Equipment Finance, Inc. and U.S. Bancorp

8                           UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

10

11  MARGARET PETERSON,                      Case No.  C 10-00942 SBA

12                    Plaintiff,            DEFENDANTS U.S. BANCORP
                                            EQUIPMENT FINANCE, INC. AND U.S.
13         v.                               BANCORP'S NOTICE OF MOTION AND
                                            MOTION TO DISMISS PLAINTIFF'S
14  U.S. BANCORP EQUIPMENT                  CLAIMS FOR FAILURE TO STATE A
    FINANCE, INC., a corporation; U.S.      CLAIM PURSUANT TO FED. R. CIV. P.
15  BANCORP, a corporation; and DOES 1-     12(B)(6) OR IN THE ALTERNATIVE FOR
    50, inclusive,                          A MORE DEFINITIVE STATEMENT
16                                          PURSUANT TO FED. R. CIV. P. 12(E)
                    Defendants.
17                                          DATE:    APRIL 20, 2010
                                            TIME:    1:00 P.M.
18                                          JUDGE: HON. SAUNDRA B. ARMSTRONG
                                            DEPT:    1
19

20      NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A
            CLAIM [12(b)(6)] OR IN THE ALTERNATIVE FOR A MORE DEFINITIVE
21                STATEMENT PURSUANT TO FED. R. CIV. P. 12(E)

22

23  TO PLAINTIFF AND HER ATTORNEY OF RECORD:

24          PLEASE TAKE NOTICE that on April 20, 2010 at 10:00 A.M. or as soon

25  thereafter as the matter may be heard in the Courtroom of the Honorable Saundra Brown

26  Armstrong, District Court Judge, located at Courtroom 1, 1301 Clay Street, 3rd Floor, Oakland,

27  California 94612-5212, Defendants U.S. Bancorp Equipment Finance, Inc. ("USBEF") and U.S.

28  Bancorp (collectively referred to herein as "Defendants") will and hereby do move pursuant to

1  Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") for an order dismissing

2  Plaintiff's Complaint because it fails to state a claim upon which relief may be granted.  In the

3  alternative, Defendants move pursuant to Rule 12(e) of the Federal Rules of Civil Procedure

4  ("Rule 12(e)") for an order for a more definitive statement.

5         This Motion is brought on the grounds that Plaintiff fails to allege sufficient facts

6  to support her claims of discrimination, harassment, retaliation, failure to prevent discrimination

7  and retaliation, and wrongful termination under the California Fair Employment and Housing Act

8  ("FEHA") and the California Constitution.  Plaintiff's conclusory allegations do not satisfy even

9  the minimal pleadings requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure ("Rule

10  8(a)(2)").  As such the Complaint should be dismissed.  In addition, the allegations in Plaintiff's

11  Complaint are so vague and ambiguous such that Defendants are unable to respond to it in an

12  informed manner.

13         This Motion is based on this Notice of Motion, the accompanying Memorandum

14  of Law, the pleadings, files and records in this matter, and all such other and further evidence and

15  argument that may be presented at the time of the hearing of this matter.

16                     **MEMORANDUM OF POINTS AND AUTHORITIES**

17  **I.    INTRODUCTION**

18         Plaintiff Margaret Peterson's ("Plaintiff") Complaint alleges seven causes of action

19  arising out of her employment with USBEF.  The Complaint, however, fails to allege facts – and

20  in some instances even the *prima facie* elements – sufficient to support her claims.  In lieu of

21  providing factual allegations sufficient to show that her claims for relief are plausible on their

22  face, Plaintiff merely provides naked assertions and formulaic recitations of the elements of the

23  causes of actions she alleges.  As such, Plaintiff's allegations do not satisfy the minimal pleadings

24  requirement of Rule 8(a)(2), as reiterated by the United States Supreme Court in *Ashcroft v.*

25  *Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).  Furthermore, the allegations in Plaintiff's Complaint as

26  to each cause of action are so vague and ambiguous such that Defendants are unable to respond to

27  them in an informed manner.  Therefore, Defendants request that the Court dismiss the Complaint

28  / / /

1   pursuant to Rule 12(b)(6), or in the alternative, grant their motion for a more definite statement

2   pursuant to Rule 12(e).

3   **II.     FACTUAL BACKGROUND**

4              USBEF is a bank-affiliated equipment finance subsidiary of U.S. Bank National

5   Association.  USBEF offers a variety of capital equipment lease-oriented products, and provides

6   rates and terms on capital equipment acquisitions and provides financing for software and related

7   project costs, such as consulting, integration and training.  Plaintiff worked for USBEF in its

8   Larkspur, California office until her employment position was eliminated during a company-wide

9   reduction in force.  *See* Complaint ¶¶ 6,10.  On December 30, 2009, Plaintiff filed a Complaint in

10  the Superior Court for the State of California, County of Marin.  The Complaint was served on

11  Defendants on February 12, 2010.  Defendants removed the Complaint to this Court on March 5,

12  2010, pursuant to 28 U.S.C. Section 1446(b), as this Court has original jurisdiction over this

13  matter under 28 U.S.C. Section 1332.

14             Plaintiff's Complaint alleges seven causes of action: (1) sexual

15  harassment/discrimination; (2) race and ethnic discrimination; (3) age discrimination; (4) failure

16  to prevent discrimination and retaliation; (5) discrimination and harassment under the California

17  Constitution; (6) retaliation; and (7) wrongful termination in violation of public policy.  The

18  Complaint, however, is filled with conclusory statements and bare assertions with respect to the

19  elements of each of the claims alleged.  For instance, Plaintiff alleges that she was "subjected to

20  various forms and instances of disparate treatment by her managers at USBEF, compared to

21  "male and to younger, white female peers and colleagues" which consisted of "limitation or

22  denials of promotions and/or opportunities for advancement and compensation increases."

23  Complaint ¶ 7.  This is all the information Plaintiff provides about the alleged disparate treatment.

24  She does not even state the general time period as to when this treatment occurred or even give

25  any information about the specific promotion(s) she was denied or when she was denied a

26  compensation increase.  Further, Plaintiff provides no facts as to how the "male and younger,

27  white female peers and colleagues" fared better than her.  She simply states that they did.  As

28  / / /

1   discussed below, the remainder of Plaintiff's allegations are similarly defective, and, are thus

2   insufficient to state a claim for relief.

3       **A.**    <u>**Standard For Rule 12(B)(6) Motion To Dismiss.**</u>

4             Under 12(b)(6), dismissal is proper where the complaint fails to state a claim.  As

5   the Supreme Court has recently reiterated, "to survive a motion to dismiss, a complaint must

6   contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its

7   face'" and goes beyond a mere "possibility." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

8   The Complaint must contain factual allegations sufficient to "raise a right to relief above the

9   speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "A pleading that

10  offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

11  not do.'" *Iqbal*, 129 S. Ct. 1949-50 (citing *Twombly*, 550 U.S. at 555.)  Nor does a complaint

12  suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* (quoting

13  *Twombly*, 550 U.S. at 557).  Moreover, the court is "not bound to accept as true a legal conclusion

14  couched as a factual allegation." *Id.*

15      **B.**    <u>**Standard for Granting a Motion for a More Definite Statement Under**</u>
    <u>**Rule 12(e).**</u>

16

17            Rule 12(e) provides the Court with broad discretion to order Plaintiff to provide a

18  more definite statement where the complaint is "so vague or ambiguous" that a defendant "cannot

19  reasonably be required to frame a responsive pleading." Fed. R. Civ. Proc. 12(e); *Famolare, Inc.*

20  *v. Edison Bros. Stores, Inc.,* 525 F. Supp. 940, 949 (E.D. Cal. 1981) (a Rule 12(e) motion is

21  proper where the complaint is so indefinite that defendant cannot ascertain the nature of the claim

22  being asserted).  An order for a more definite statement serves the Court's and the parties'

23  interests because, "[u]nless cases are pled clearly and precisely, issues are not joined, discovery is

24  not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society

25  loses confidence in the court's ability to administer justice." *Anderson v. Dist. Bd. of Trs. of*

26  *Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996); *see also Thomas v. Independence*

27  *Township*, 463 F.3d 285, 301 (3d Cir. 2006) (recognizing that district court should have ordered a

28  more definite statement of facts pled in plaintiff's complaint so defendant could determine if it

1  had a qualified immunity defense); *Van Dyke Ford, Inc. v. Ford Motor Co.*, 399 F. Supp. 277,

2  284 (E.D. Wis. 1975) (granting Rule 12(e) motion where several plaintiffs filed antitrust

3  complaint against several defendants, it was unclear which plaintiffs were asserting which causes

4  of action against which defendants).  Indeed, in appropriate circumstances, "the defendant *is*

5  *expected to move the court*, pursuant to Rule 12(e), to require the plaintiff to file a more definite

6  statement." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d at 366 (emphasis

7  added).

8    C.    <u>**The Complaint Fails To State A Claim Under FEHA or the California**</u>

9         <u>**Constitution.**</u>

10         Plaintiff's Complaint is full of conclusory allegations that during her employment

11  with USBEF, she was subject to discrimination and "various forms and instances of disparate

12  treatment, by her managers at USBEF, compared to male and to younger, white female peers and

13  colleagues" that included "among other things, limitation or denial of promotions and/or

14  opportunities for advancement and compensation increases."  Complaint ¶ 8.  Beyond merely

15  reciting that she was subject to "various forms and instances" of disparate treatment at some or

16  many points during her career with USBEF, Plaintiff fails to provide even the barest factual

17  allegations as to what these instances of alleged disparate treatment actually were and when they

18  took place.  This does not put Defendants on fair notice of the grounds upon which her

19  discrimination and retaliation claims rest, and fails outright to state an adequate claim for relief

20  under the FEHA.  Cal. Gov't Code § 12900, *et seq.*  Whether Plaintiff is alleging hostile work

21  environment, discriminatory treatment/discharge, or retaliation (or all of the foregoing), she fails

22  to plead sufficient facts that support a conclusion that a potential claim exists.  As a result, her

23  Complaint should be dismissed in its entirety or, in the alternative, the Court should grant

24  Defendants' motion for a more definitive statement.

25    1.    <u>**Plaintiff Fails To Allege Any Facts To State A Claim Of Sexual**</u>

26         <u>**Harassment.**</u>

27         Plaintiff appears to allege that she was a victim of sexual harassment.  *See*

28  Complaint ¶ 14.  There are two recognized categories of sexual harassment claims under FEHA:

*quid pro quo* and hostile work environment. *See Beyda v. City of Los Angeles*, 65 Cal. App. 4th 511, 516 (1998). Here, Plaintiff does not allege sufficient facts to support either category of sexual harassment. First, *quid pro quo* harassment occurs where a term of employment or employment itself is conditioned upon submission to unwelcome sexual advances. *See id*. Here, Plaintiff merely alleges that she "witnessed [and] experienced" "offensive sexual statements [and] innuendo." Complaint ¶ 7. Assuming that Plaintiff claims she suffered *quid pro quo* sexual harassment, these allegations are insufficient. Indeed, Plaintiff does not even allege that she was subjected to an unwelcomed sexual advance.

To the extent Plaintiff is alleging hostile work environment sexual harassment her allegations are similarly defective. To establish a hostile work environment sexual harassment claim under the FEHA, a plaintiff must show she was subjected to sexual advances, conduct or comments that were (1) unwelcome, (2) based on sex, and (3) sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment. *See, e.g., Lyle v. Warner Brothers Television Productions*, 38 Cal.4th 264, 279 ( 2006). Moreover, she must allege that she was the target of such behavior. *See id*. Here, all Plaintiff provides are bare assertions that she "witnessed, experienced, and/or became aware of various forms and instances of hostile, disparaging and/or offensive sexual statements, innuendo, and treatment regarding or directed toward women . . . ." Complaint ¶ 7. These allegations simply do not suffice to state a claim for hostile environment sexual harassment. Accordingly, and for the reasons set forth above, the Court should dismiss Plaintiff's First and Fifth Causes of Action for sexual harassment.

> **2.      Plaintiff Does Not Allege Sufficient Facts Required To State A
> Discriminatory Treatment/Discharge Claim.**

Plaintiff alleges that she was subject to discrimination based on sex, race and ethnicity and age. To establish a *prima facie* case for discrimination, Plaintiff must prove that (1) she was a member of a protected class, (2) she was performing competently in the position, (3) she suffered an adverse employment action, and (4) Defendants treated her differently than a similarly situated employee who does not belong to the same protected class (or some other

1   circumstance that suggests a discriminatory motive).  *See, e.g., Hersant v. California Dept. of*

2   *Social Services*, 57 Cal. 4th 997, 1002-03 (1997).

3            While Plaintiff alleges that she was a member of protected classes, Plaintiff fails to

4   set out the facts indicating what adverse employment actions she suffered, aside from her position

5   being eliminated as part of a reduction of force.  Plaintiff alleges that she was subject to disparate

6   treatment including "among other things, limitation or denials of promotions and/or opportunities

7   for advancement and compensation increases."  Complaint ¶ 7.  Plaintiff, however, does not state

8   any facts about what promotions or opportunities of advancement or compensation increases she

9   was denied.  A bare allegation that one is a member of protected classes without providing any

10  factual support for an adverse employment action does not suffice.  *See, e.g., Phelps v. U.S. Gen.*

11  *Serv. Agency*, Case No.  C 07-01055, 2009 WL 159820, *3 (N.D. Cal. Jan. 20, 2009) (granting

12  12(b)(6) motion to dismiss where plaintiff failed to set out facts indicating what promotion he did

13  not receive on account of his race).

14           Plaintiff's discrimination claims are also defective because she fails to allege (nor

15  can she) any facts that demonstrate direct or circumstantial evidence of discriminatory intent.

16  Plaintiff also fails to provide any facts (nor can she) to support her allegation that she was

17  disparately treated compared to "male and to younger, white female peers and colleagues."  *See*

18  Complaint ¶ 7.  The Complaint is also silent as to whether these males and younger, white

19  females had similar qualifications as Plaintiff and how and when they were treated more

20  favorably.  Simply alleging Plaintiff suffered discrimination with nothing more fails to meet the

21  pleadings requirement.  *See Asejo v. Henderson*, Case No. C 99-1559, 2000 WL 868520, *2

22  (N.D. Cal. June 16, 2000) (granting 12(b)(6) motion to dismiss where plaintiff failed to allege

23  nexus between discrimination alleged and underlying facts).  Accordingly, the Court should

24  dismiss Plaintiff's First, Second, Third, Fourth and Fifth Causes of Action for Discrimination

25  based on Sex, Race and Ethnicity, and Age.

26  / / /

27  / / /

28  / / /

1     **3.     Plaintiff Does Not Allege Facts Sufficient To State A Claim For Failure To Prevent Discrimination/Retaliation.**

2

3         Plaintiff's claim for failure to prevent discrimination and harassment must be

4     dismissed because she has failed to state a claim for discrimination or retaliation as discussed

5     above and in Section II.B.4 *infra*. The obligation to take reasonable steps to prevent

6     discrimination or harassment is not an independent cause of action under FEHA. *See Trujillo v.*

7     *North County Transit*, 63 Cal. App. 4th 280, 288-89, (1998) (absent showing of actionable

8     discrimination, no violation of Government Code section 12940(i)). Accordingly, the Court

9     should dismiss Plaintiff's Fourth Cause of Action.

10     **4.     Plaintiff Does Not Allege Facts Required To State A Claim For Retaliation.**

11

12         To establish a *prima facie* case of retaliation under the FEHA, Plaintiff must prove

13     (1) she engaged in a "protected activity," (2) Defendants subjected her to an adverse employment

14     action, and (3) a causal link existed between the protected activity and the adverse action. *See*

15     *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005). Plaintiff fails to provide facts

16     about what specific "inquiries and objections" she raised, to whom she raised them and when.

17     Thus, Defendants cannot determine whether Plaintiff engaged in a protected activity, much less

18     the nature of her alleged protected activity. Nor does Plaintiff allege facts supporting the

19     "adverse employment actions" to which she alleges she was subjected as retaliation, except for

20     her termination, and if those "adverse employment actions" occurred after or simultaneously with

21     the protected activity. *See Morgan v. Regents of University of California*, 88 Cal. App. 4th 52, 69

22     (2000) (a prima facie showing requires the employee to show the adverse action about which he

23     complains happened after or simultaneously with his protected activity). Finally, the Complaint

24     is devoid of facts to support a causal link existed between the alleged protected activities and the

25     adverse actions. Plaintiff fails to allege facts that demonstrate that Defendants knew she engaged

26     in protected activities, the proximity in time between the protected activities and the adverse

27     actions, or a pattern of conduct with retaliatory intent. Accordingly, the Court should dismiss

28     Plaintiff's Sixth Cause of Action for Retaliation.

5.      **Plaintiff Does Not Allege Facts Required To State A Public Policy Wrongful Termination Claim.**

To establish a claim for wrongful termination in violation of public policy, each of the following must be proved: (1) there was an employer-employee relationship; (2) termination or other adverse employment action; and (3) a "nexus" exists between the termination and the employee's protected activity. *See Holmes v. General Dynamics Corp.*, 17 Cal. 4th 1418, 1426 (1993). Here, Plaintiff alleges that she was terminated based on one or more unlawful grounds. *See* Complaint ¶ 49. As with the rest of her Causes of Action, and as set forth above, Plaintiff does not allege sufficient facts with respect to the protected activities in which she allegedly engaged. Further, Plaintiff does not provide any facts that even a suggest a nexus between her termination and her alleged protected activities other than the allegations that she engaged in these activities and then her employment was terminated during a reduction in force. These are precisely the "naked assertion[s]" devoid of "further factual enhancement" that the Supreme Court found unacceptable. *See Twombly*, 550 U.S. at 557. Therefore, the Court should dismiss Plaintiff's Seventh Cause of Action for Wrongful Termination in Violation of Public Policy.

## III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that their Motion to Dismiss pursuant to Rule 12(b)(6), or in or in the alternative, their motion for a more definite statement pursuant to Rule 12(e) as to Plaintiff's allegations for each of the causes of action alleged.

Dated: March 11, 2010

TIMOTHY J. LONG
ANDREA L. BROWN
Orrick, Herrington & Sutcliffe LLP

ANDREA L. BROWN
Attorneys for Defendants
U.S. Bancorp and
U.S. Bancorp Equipment Finance, Inc.

OHS West:260857332.1

DEFS' NOTICE OF MT & MT TO DISMISS PLTF'S
CLAIMS FOR FAILURE TO STATE A CLAIM
CV-10-00942 SBA