UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARGARET PETERSON,<br><br>          Plaintiff,<br><br>     vs.<br><br>U.S. BANCORP EQUIPMENT FINANCE, INC., a corporation; and U.S. BANCORP, a corporation,<br><br>          Defendants. | Case No: C 10-0942 SBA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Docket 5 |

Plaintiff Margaret Peterson ("Plaintiff") filed the instant employment discrimination and wrongful termination action in state court against her former employer, U.S. Bancorp Equipment Finance, Inc. ("USBEF") and its parent entity, U.S. Bancorp ("USB") on December 30, 2009. USBEF and USB (collectively, "Defendants") removed the action to this Court on March 5, 2010, on the basis of diversity jurisdiction, 28 U.S.C. § 1332. The parties are presently before the Court on Defendants' Motion to Dismiss Complaint for Failure to State a Claim Upon Which Relief Can be Granted, or in the Alternative for a More Definitive Statement Pursuant to Fed.R.Civ.P. 12(e). (Docket 5). Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion to dismiss for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b).[1]

**I.     BACKGROUND**

The following facts are taken from Plaintiff's Complaint, which are taken as true for purposes of the instant motion. Plaintiff is an African-American female over the age of fifty

---

[1] In light of the Court's ruling on Defendants' motion to dismiss, the Court does not reach Defendants' alternative request for a more definite statement.

who worked for USBEF, and its predecessor, Oliver-Allan Technology, for over ten years. (Compl. ¶¶ 2, 7.) During the relevant time period, Plaintiff worked at USBEF's principal office located in Larkspur, California. (Id. ¶ 6.) She does not allege the names of any her job titles, and only vaguely asserts that "she served in several different capacities and collections activities." (Id. ¶ 6.)

Plaintiff alleges that during her ten year tenure at USBEF she was subjected to discrimination and sexual harassment. Her Complaint states:

> During the course of her employment, plaintiff, who is an African-American woman over 50, found herself subjected to various forms and instances of disparate treatment by her managers at USBEF, compared to male and younger, white female peers and colleagues. *This included, among other things, limitations or denials or promotions and/or opportunities for advancement and compensation increases equal to that of similarly situated qualified employees* outside her protected race, gender and age and/or diminution of "official" titles and authority, while subject to the same or increased work duties, assignments and responsibilities, such that plaintiff was required to work considerably longer and harder than peers and managers who were not members of her protected classes .

(Id. ¶ 7 (emphasis added).) Plaintiff also asserts that she "witnessed, experienced and/or became aware of various forms and instances of hostile, disparaging and/or offensive treatment regarding or directed toward woman at USBEF by its male managers and officials, and made complaints and/or objections regarding such behavior." (Id.) The Complaint does not specify the nature or frequency of the allegedly improper "treatment."

Separate and apart from her claims of discrimination and harassment, Plaintiff avers that USBEF retaliated against her for a variety of reasons, including for complaining about discrimination and harassment. (Id. ¶ 42.) In addition, Plaintiff alleges that:

> [S]he observed, experienced, and/or learned of various instances in which USBEF violated [financial and accounting compliance] . . . procedures, requirements and controls, which included, without limitation, improper booking and/or recognition of certain revenues. Plaintiff further observed, experienced, and/or learned of other improprieties or reported improprieties that affected both revenue and expense aspects of USBEF's business, particularly compensation of certain sales employees, including the apparent manipulation and/or duplication of leasing transactions booked by sales employees on such transactions.

> Plaintiff raised inquiries and objections to management officials or USBEF and/or USB as to such instances or practices.
>
> Within a short time of plaintiff's aforesaid inquiries and objections, defendants terminated her employment at USBEF, . . .

(Id. ¶¶ 9-10.) Plaintiff does not indicate when she was terminated nor does she specify when any of the alleged conduct underlying her claims occurred.

The Complaint alleges seven state law causes of action, styled as follows:  (1) Sex Discrimination – Disparate Treatment; Harassment; (2) Discrimination –Race and Ethnicity; (3) Discrimination – Age; (4) Failure to Prevent Discrimination; (5) Discrimination and Harassment – Cal. Constitution; (6) Retaliation; and (7) Wrongful Termination in Violation of Public Policy.  With the exception of her fifth cause of action, all of Plaintiff's claims appear to be predicated on the California Fair Employment and Housing Act ("FEHA").  Defendants now move to dismiss all causes of action pursuant to Federal Rule of Civil Procedure 12(b)(6), or alternatively, for a more definite statement under Rule 12(e).

## II.   LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The pleadings must "give the defendant fair notice of what ... the claim is and the grounds upon which it rests."  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks omitted).

When considering a motion to dismiss under Rule 12(b)(6), a court must take the well-pled allegations of material fact as true and construe them in the light most favorable to plaintiff.  See Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009).   However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at 1949-50.  "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."  Id. at 1950.  Those

1  facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id.
2  at 1951 (quoting Twombly, 550 U.S. at 557).  If the complaint is dismissed, plaintiff generally
3  should be afforded leave to amend unless it is clear the complaint cannot be saved by
4  amendment.  See Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

5  **III.    DISCUSSION**

6      **A.    SEXUAL HARASSMENT**

7      To state a claim of "work environment" sexual harassment under FEHA, a plaintiff
8  must allege that:  (1) she was "subjected to verbal or physical conduct of a . . . sexual nature;
9  (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or
10 pervasive to alter the conditions of the plaintiff's employment and create an abusive work
11 environment."  Vasquez v. County of Los Angeles, 349 F.3d 634, 642 (9th Cir. 2003).[2]  "The
12 plaintiff must prove that the defendant's conduct would have interfered with a reasonable
13 employee's work performance and would have seriously affected the psychological well-being
14 of a reasonable employee and that she was actually offended."  Fisher v. San Pedro Peninsula
15 Hosp., 214 Cal.App.3d 590, 608, 609-610 (1989).  Conduct must be so extreme as to amount to
16 a change in the terms and conditions of employment."  Montero v. AGCO Corp., 192 F.3d 856,
17 860 (9th Cir. 1999).  The work environment "must be both objectively and subjectively
18 offensive, one that a reasonable [woman] would find hostile or abusive, and one that the
19 [plaintiff] in fact did perceive to be so."  Faragher v. City of Boca Raton, 524 U.S. 775, 787
20 (1998).

21     Plaintiff's allegations of sexual harassment are insufficient to state a claim under FEHA.
22 In her Complaint, Plaintiff alleges that she "witnessed, experienced and/or became aware of
23 various forms and instances of hostile, disparaging and/or offensive treatment regarding or
24 directed toward woman at USBEF by its male managers and officials, and made complaints
25 and/or objections regarding such behavior."   (Compl. ¶ 7.)  Without more, these allegations are
26 too vague and conclusory to state a claim for sexual harassment.  As an initial matter, Plaintiff

27
28     [2] FEHA harassment claims are evaluated under the same standards as Title VII harassment claims.  See Aguilar v. Avis Rent A Car Sys. 21 Cal.4th 121, 130 (1999).

does not specify the nature of the "hostile, disparaging and/or offensive treatment" that forms the basis of her claim.  Indeed, Plaintiff does not even specify whether she personally experienced or witnessed such conduct or whether she simply heard by about it from some other source.  There also are no facts alleged to establish that the alleged harassment was sufficiently severe or pervasive to alter the terms and conditions of her employment.  Plaintiff has offered little more than the type of "[t]hreadbare recitals of the elements of a cause of action" that the Supreme Court has held are insufficient to avoid dismissal.  See Iqbal, 129 S.Ct. at 1949.  The Court therefore dismisses Plaintiff's first cause of action for sexual harassment under FEHA, with leave to amend.

### B. RACE AND AGE DISCRIMINATION

FEHA prohibits discrimination in the workplace on account of the employee's race or age.  Cal. Gov. Code § 12940(a).  A plaintiff may prove unlawful discrimination by producing "direct or circumstantial evidence demonstrating that a discriminatory reason more likely than not motivated the employer."  Metoyer v. Chassman, 504 F.3d 919, 930 (9th Cir. 2007).  Because direct evidence of discrimination is rare, the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973) developed tripartite burden shifting test to prove discrimination circumstantially.  California has expressly adopted this test in evaluating race and age discrimination claims brought under FEHA.  Guz v. Bechtel Nat'l Inc. 24 Cal.4th 317, 354 (2000) ("California has adopted the three-stage burden-shifting test established by the United States Supreme Court for trying claims of discrimination, including age discrimination, based on a theory of disparate treatment.").

The McDonnell Douglas steps are as follows.  First, Plaintiff must establish a prima facie case of discrimination by showing that:  (1) she belongs to a protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action; and (4) similarly-situated individuals outside her protected class were treated more favorably.  See, e.g., Surrell v. Cal. Water Serv. Co., 518 F.3d 1097, 1105-1106 (9th Cir. 2008).  Second, if a plaintiff establishes the prima facie case of discrimination, the burden "shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its allegedly discriminatory conduct."

Vasquez v. County of Los Angeles, 349 F.3d 634, 640 (9th Cir. 2003).  Finally, if the employer articulates a legitimate reason for its action, "the employee must then prove that the reason advanced by the employer constitutes a pretext for unlawful discrimination."  Diaz v. Eagle Produce Ltd. Partnership, 521 F.3d 1201, 1207 (9th Cir. 2008).  Regardless of who bears the burden of production, the employee always retains the ultimate burden of persuading the trier of fact that the employer intentionally discriminated against the employee.  Texas Dep't of Comm. Affairs v. Burdine, 450 U.S. 248, 253 (1982).

In the instant case, the Complaint alleges that Plaintiff is a member of protected classes (i.e., race and ethnicity) and that she was qualified for her unspecified positions at USBEF.  However, her allegations are deficient with respect to demonstrating that she was subject to an adverse employment action and that similarly-situated individuals outside her protected class were treated more favorably.  Plaintiff merely alleges that she was "subjected to various forms and instances of disparate treatment by her managers at USBEF, compared to male and to younger, white female peers and colleagues."  (Compl. ¶ 7.)  She vaguely alludes to "limitation or denials of promotions and/or opportunities for advancement and compensation increases equal to that of similarly qualified employees outside of her protected race, gender and age and/or the diminution of 'official' titles and authority . . . ."  (Id.)  Like her cause of action for sexual harassment, Plaintiff has done little more that recite the elements of a discrimination claim without providing any *factual* support.

At a minimum, Plaintiff must allege *facts* supporting her assertion that she was subjected to "limitation or denials of promotions and/or opportunities for advancement and compensation increases[.]"  In particular, Plaintiff should identify the positions and "opportunities" that she purportedly sought but was denied by her employer and when such events occurred.  In their present form, the allegations in support of Plaintiff's causes of action for age and race discrimination fail to "give the defendant fair notice of what . . . the claim is and the grounds upon which it rests."  Erickson, 551 U.S. at 93.  Accordingly, the Court dismisses Plaintiff's second and third causes of action for race and age discrimination, respectively, with leave to amend.

**C.     DISCRIMINATION AND HARASSMENT UNDER THE CALIFORNIA CONSTITUTION**

Plaintiff's fifth cause of action is presented a claim for "discrimination and/or harassment" in violation of Article I, Section 8, of the California Constitution, which states that: "A person may not be disqualified from entering or pursuing a business, profession, vocation, or employment because of sex, race, creed, color, or national or ethnic origin." Cal. Const. art. I, § 8. This claim merely incorporates by reference Plaintiff's other allegations of "discrimination and/or harassment." (See Compl. ¶ 37.) Thus, this claim is insufficiently pled for the same reasons as above.

The Court notes that neither party discusses the Ninth Circuit's decision in Strother v. S. Cal. Permanente Med. Group, 79 F.3d 859 (9th Cir.1996), which held that "a claim brought directly under Article I, § 8 of the California Constitution may only be brought where a plaintiff has been denied entrance into a profession or particular employment or terminated from the same," and applies neither to claims of "discrimination in the conditions of employment" nor "conduct affecting particular aspects of an individual's job." Id. at 871-73. As such, Strother appears to bar Plaintiff's fifth cause of action insofar as it is predicated upon discrimination and/or harassment. However, since the parties neglected to address Strother, the Court will dismiss this claim with leave to amend. Plaintiff should be aware that any pleading filed in this Court is subject to Federal Rule of Civil Procedure 11, and as such, she may amend only to the extent that she has a good faith basis for doing so.

**D.     FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT**

Under FEHA, it is unlawful "[f]or an employer . . . to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring." Cal.Gov. Code § 12940(k). To state a claim for violation of section 12940(k), plaintiff must allege and prove the following: "1) plaintiff was subjected to discrimination, harassment or retaliation; 2) defendant failed to take all reasonable steps to prevent discrimination, harassment or retaliation; and 3) this failure caused plaintiff to suffer injury, damage, loss or harm." Lelaind v. City and County of San Francisco, 576 F. Supp.2d 1079, 1103 (N.D. Cal. 2008). There can be no claim for failure to prevent discrimination or harassment under FEHA unless the plaintiff

first establishes a valid underlying, claim for discrimination or harassment. Trujillo v. N. Co. Transit Dist., 63 Cal.App.4th 280, 288-89 (1998). Since Plaintiff's discrimination and harassment claims are infirm, so too is her fourth cause of action for failure to prevent discrimination and harassment. This claim is dismissed with leave to amend.

### E.    RETALIATION

To state a prima facie case for retaliation, plaintiff must establish: (1) that she was engaged in protected activity; (2) that defendant took an adverse employment action; and (3) a causal connection existed between plaintiff's protected activity and defendant's adverse employment action. Cornwell v. Electra Central Credit Union, 439 F.3d 1018, 1034-35 (9th Cir. 2006). An employee's formal or informal complaints to a supervisor regarding unlawful discrimination constitute "protected activity," and adverse actions taken against the employee after such complaints may constitute retaliation. See Passantino v. Johnson & Johnson Consumer Prod., Inc., 212 F.3d 493, 506 (9th Cir. 2000).

Plaintiff's retaliation claim is deficiently pled. First, Plaintiff fails to allege sufficient facts to establish that she engaged in protected activity. The Complaint simply alleges that she "engaged in one or more protected activities, including reporting and/or objecting to an appropriate manager regarding acts of discriminatory conduct and disparate treatment directed against her or toward other employees of defendants . . . ." (Compl. ¶ 42.) No facts are alleged which, if accepted as true, would be sufficient to demonstrate that Plaintiff engaged in protected activity. Plaintiff's vague allegations of "reporting and/or objecting" to "discriminatory conduct and disparate treatment" fail to provide Defendants with fair notice of the basis of her retaliation claim. Likewise, Plaintiff fails to allege sufficient facts to demonstrate the requisite causal nexus between her purported complaints of discrimination and her termination.[3] Given the conclusory nature of the allegations supporting Plaintiff's sixth

---

[3] Plaintiff identifies the adverse employment action as "actions set forth herein, including, without limitation, termination of plaintiff's employment." (Compl. ¶ 43.) Termination of employment obviously is an adverse employment action. Nevertheless, to the extent that Plaintiff is attempting to claim that she suffered any other adverse employment action aside from termination, she must clearly identify such harm in her amended complaint.

cause of action for retaliation, the Court dismisses this claim with leave to amend.

### F. WRONGFUL TERMINATION

Plaintiff's seventh and final cause of action is for wrongful termination in violation of public policy. California law allows a discharged employee to "maintain a tort action and recover damages traditionally available in such actions" when an employer's discharge of that employee "violates fundamental principles of public policy." Tameny v. Atlantic Richfield Co., 27 Cal.3d 167, 170 (1980). To state a Tameny claim, the public policy "must be: (1) delineated in either constitutional or statutory provisions; (2) 'public' in the sense that it 'inures to the benefit of the public' rather than serving merely the interests of the individual; (3) well established at the time of the discharge; and (4) substantial and fundamental." Stevenson v. Superior Court, 16 Cal.4th 880, 894 (1997).

In her Complaint, Plaintiff alleges that Defendants violated public policy by terminating her employment for reasons that are proscribed under FEHA. (Compl. ¶ 49.) A violation of FEHA may support a Tameny claim. City of Moorpark v. Superior Court, 18 Cal.4th 1143, 1159-60 (1998). However, if an underlying FEHA claim fails, "any claim for wrongful discharge in violation of the public policy embodied in those claims fails." Her v. Career Sys. Devel. Corp., 2009 WL 4928395, at *9 (E.D. Cal., Dec. 14, 2009). Thus, to the extent Plaintiff's tort claim for wrongful termination relies on violations of FEHA, such claim fails to state a claim for the reasons articulated above.

Plaintiff also alleges that she was wrongfully terminated for making "reports of and/or objections to improper actions of defendants to deny or avoid payment of earned compensation to employee," and "suspected improper and unlawful business practices regarding booking, revenue recognition, representations, and other aspects of lease transactions with defendants' customers." (Compl. ¶ 49.) As a general matter, terminating an employee for complaining about illegal practices may be actionable under Tameny, provided that the employee made such complaints to management. Rivera v. National R.R. Passenger Corp., 331 F.3d 1074, 1079 (9th Cir. 2003) (holding that to state a claim for wrongful termination in violation of public policy, plaintiff must establish that "he disclosed the illegal practices of its employees to . . .

management").  Here, Plaintiff avers that she "raised inquiries and objections to management officials of USBEF and/or USB" (Compl. ¶ 9), but fails to present any facts regarding the content of those "inquiries and objections" or the circumstances surrounding those alleged communications.  Nor has Plaintiff alleged sufficient facts to demonstrate a nexus between those communications and her termination.  Accordingly, the Court dismisses Plaintiff's cause of action for wrongful termination in violation of public policy, with leave to amend.

## IV.   CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1.   Defendants' motion to dismiss is GRANTED and the Complaint is DISMISSED WITH LEAVE TO AMEND.  Plaintiff shall have ten (10) days from the date this Order is filed to file a First Amended Complaint that cures the deficiencies discussed above.  Plaintiff is warned that the failure to file a First Amended Complaint within the specified time period will result in the dismissal of this action, with prejudice.

2.   The hearing on the motion scheduled for July 21, 2010 is VACATED.

3.   The Case Management Conference currently scheduled for July 21, 2010 is CONTINUED to **September 29, 2010 at 3:30 p.m.**  The parties shall meet and confer prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference that complies with the Standing Order for All Judges of the Northern District of California and the Standing Order of this Court.  *Plaintiff* shall be responsible for filing the statement as well as for arranging the conference call.  All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

4.   This Order terminates Docket 5.

IT IS SO ORDERED.

Dated: July 14, 2010

*Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge