TIMOTHY J. LONG (STATE BAR NO. 137591)
tjlong@orrick.com
ANDREA L. BROWN (STATE BAR NO. 237629)
abrown@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall
Suite 3000
Sacramento, CA  95814-4497
Telephone:   +1-916-447-9200
Facsimile:    +1-916-329-4900

Attorneys for Defendants
U.S. Bancorp Equipment Finance and U.S. Bancorp

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| MARGARET PETERSON,<br><br>          Plaintiff,<br><br>    v.<br><br>U.S. BANCORP EQUIPMENT FINANCE, INC.;<br>U.S. BANCORP AND DOES 1-50, inclusive<br><br>          Defendants. | Case No.  10-0942 SBA<br><br>**DEFENDANTS U.S. BANCORP EQUIPMENT FINANCE, INC.'S AND U.S. BANCORP'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND COUNTERCLAIMS** |

OHS West:260961229.1

Defendants U.S. Bancorp Equipment Finance, Inc. ("USBEF") and U.S. Bancorp (hereby referred to collectively as "Defendants") hereby submits their answer, including affirmative defenses, to the First Amended Complaint ("Amended Complaint") filed by Plaintiff Margaret Peterson ("Plaintiff") in the above-entitled action, and USBEF's Counterclaims thereto.

Defendants reserve herein the right to assert additional affirmative defenses that may appear and prove applicable during the course of this litigation.

1. Defendants lack the information and belief sufficient to admit or deny the allegations regarding Plaintiff's residence, and on that basis denies this allegation.

2. Defendant USBEF admits that it is, and at all times herein mentioned, a business entity. Except as so admitted, Defendant USBEF denies the allegations in paragraph 2 of the Amended Complaint.

3. Defendant U.S. Bancorp denies each and every allegation in paragraph 3 of the Amended Complaint.

4. Defendants deny each and every allegation in paragraph 4 of the Amended Complaint.

5. Defendants deny each and every allegation in paragraph 5 of the Amended Complaint.

## FACTS COMMON TO ALL CAUSES OF ACTION

6. Defendants admit that Plaintiff was employed by Defendant USBEF for a number of years. Except as so admitted, Defendants deny the allegations in paragraph 6 of the Amended Complaint.

7. Defendants deny each and every allegation in paragraph 7 of the Amended Complaint.

8. Defendants deny each and every allegation in paragraph 8 of the Amended Complaint.

9. Defendants deny each and every allegation in paragraph 9 of the Amended Complaint.

///

10. Defendants deny each and every allegation in paragraph 10 of the Amended Complaint.

11. Defendants deny each and every allegation in paragraph 11 of the Amended Complaint.

12. Defendants deny each and every allegation in paragraph 12 of the Amended Complaint.

13. Defendants deny each and every allegation in paragraph 13 of the Amended Complaint.

14. Defendants deny each and every allegation in paragraph 14 of the Amended Complaint.

15. Defendants deny each and every allegation in paragraph 15 of the Amended Complaint.

16. Defendants deny each and every allegation in paragraph 16 of the Amended Complaint.

17. Defendants deny each and every allegation in paragraph 17 of the Amended Complaint.

18. Defendants deny each and every allegation in paragraph 18 of the Amended Complaint.

19. Defendants deny each and every allegation in paragraph 19 of the Amended Complaint.

## FIRST CAUSE OF ACTION

20. With respect to paragraph 20 of the Amended Complaint, Defendants incorporate its responses to the allegations contained in paragraphs 1-19 above as though fully set forth herein.

21. Defendants admit that at all times mentioned therein, it employed five or more persons. To the extent that paragraph 21 of the Amended Complaint contains statements of law, no response is required.

///

22. Defendants admit that Plaintiff is a female individual. To the extent that paragraph 22 of the Amended Complaint contains statements of law, no response is required. Except as so admitted, Defendants deny the allegations in paragraph 22 of the Amended Complaint.

23. Defendants deny each and every allegation in paragraph 23 of the Amended Complaint.

24. Defendants deny each and every allegation in paragraph 24 of the Amended Complaint.

25. Defendants admit Plaintiff filed a Complaint with the California Department of Fair Employment and Housing ("DFEH"). Defendants deny that Plaintiff's Complaint was timely in all respects, or that she exhausted her administrative remedies as required by the Fair Employment and Housing Act. Defendants admit that Plaintiff received notice of her right to sue.

26. To the extent that paragraph 26 contains nothing more than a prayer for relief, no response is required. To the extent that a responsive pleading is required, Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever. Defendants deny each and every remaining allegation in paragraph 26 of the Amended Complaint.

27. To the extent that paragraph 27 contains nothing more than a prayer for relief, no response is required. To the extent that a responsive pleading is required, Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever. Defendants deny each and every remaining allegation in paragraph 27 of the Amended Complaint.

## SECOND CAUSE OF ACTION

28. With respect to paragraph 28 of the Amended Complaint, Defendants incorporate its responses to the allegations contained in paragraphs 1-27 above as though fully set forth herein.

29. Defendants admit that at all times mentioned therein, it employed five or more persons. To the extent that paragraph 29 of the Amended Complaint contains statements of law, no response is required.

30. Defendants admit that Plaintiff is a female, over 40 (at the time she filed this lawsuit) and is African-American. To the extent that paragraph 30 of the Amended Complaint

contains statements of law, no response is required. Except as so admitted, Defendants deny the allegations in paragraph 30 of the Amended Complaint.

31. Defendants deny each and every allegation in paragraph 31 of the Amended Complaint.

32. Defendants admit Plaintiff filed a Complaint with the California Department of Fair Employment and Housing ("DFEH"). Defendants deny that Plaintiff's Complaint was timely in all respects, or that she exhausted her administrative remedies as required by the Fair Employment and Housing Act. Defendants admit that Plaintiff received notice of her right to sue.

33. To the extent that paragraph 33 contains nothing more than a prayer for relief, no response is required. To the extent that a responsive pleading is required, Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever. Defendants deny each and every remaining allegation in paragraph 33 of the Amended Complaint.

34. To the extent that paragraph 34 contains nothing more than a prayer for relief, no response is required. To the extent that a responsive pleading is required, Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever. Defendants deny each and every remaining allegation in paragraph 34 of the Amended Complaint.

## THIRD CAUSE OF ACTION

35. With respect to paragraph 35 of the Amended Complaint, Defendants incorporate its responses to the allegations contained in paragraphs 1-34 above as though fully set forth herein.

36. Defendants admit that Plaintiff is a is a female, over 40 (at the time she filed this lawsuit) and is African-American. To the extent that paragraph 36 of the Amended Complaint contains statements of law, no response is required. Except as so admitted, Defendants deny the allegations in paragraph 36 of the Amended Complaint.

37. Defendants deny each and every allegation in paragraph 37 of the Amended Complaint.

38. Defendants admit Plaintiff filed a Complaint with the California Department of Fair Employment and Housing ("DFEH"). Defendants deny that Plaintiff's Complaint was timely

in all respects, or that she exhausted her administrative remedies as required by the Fair Employment and Housing Act. Defendants admit that Plaintiff received notice of her right to sue.

39. To the extent that paragraph 39 contains nothing more than a prayer for relief, no response is required. To the extent that a responsive pleading is required, Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever. Defendants deny each and every remaining allegation in paragraph 39 of the Amended Complaint.

40. To the extent that paragraph 40 contains nothing more than a prayer for relief, no response is required. To the extent that a responsive pleading is required, Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever. Defendants deny each and every remaining allegation in paragraph 40 of the Amended Complaint.

## **FOURTH CAUSE OF ACTION**

41. With respect to paragraph 41 of the Amended Complaint, Defendants incorporate its responses to the allegations contained in paragraphs 1-40 above as though fully set forth herein.

42. To the extent that paragraph 42 of the Amended Complaint contains statements of law, no response is required. Except as so admitted, Defendants deny the allegations in paragraph 42 of the Amended Complaint.

43. Defendants deny each and every allegation in paragraph 43 of the Amended Complaint.

44. To the extent that paragraph 44 contains nothing more than a prayer for relief, no response is required. To the extent that a responsive pleading is required, Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever. Defendants deny each and every remaining allegation in paragraph 44 of the Amended Complaint.

45. To the extent that paragraph 45 contains nothing more than a prayer for relief, no response is required. To the extent that a responsive pleading is required, Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever. Defendants deny each and every remaining allegation in paragraph 45 of the Amended Complaint.

///

## FOURTH CAUSE OF ACTION

46. With respect to paragraph 46 of the Amended Complaint, Defendants incorporate its responses to the allegations contained in paragraphs 1-45 above as though fully set forth herein.

47. To the extent that paragraph 47 of the Amended Complaint contains statements of law, no response is required. Except as so admitted, Defendants deny the allegations in paragraph 47 of the Amended Complaint.

48. Defendants deny each and every allegation in paragraph 48 of the Amended Complaint.

49. To the extent that paragraph 49 contains nothing more than a prayer for relief, no response is required. To the extent that a responsive pleading is required, Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever. Defendants deny each and every remaining allegation in paragraph 49 of the Amended Complaint.

50. To the extent that paragraph 50 contains nothing more than a prayer for relief, no response is required. To the extent that a responsive pleading is required, Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever. Defendants deny each and every remaining allegation in paragraph 50 of the Amended Complaint.

## FIFTH CAUSE OF ACTION

51. With respect to paragraph 51 of the Amended Complaint, Defendants incorporate its responses to the allegations contained in paragraphs 1-50 above as though fully set forth herein.

52. To the extent that paragraph 52 of the Amended Complaint contains statements of law, no response is required. Except as so admitted, Defendants deny the allegations in paragraph 52 of the Amended Complaint.

53. Defendants deny each and every allegation in paragraph 53 of the Amended Complaint.

54. To the extent that paragraph 54 contains nothing more than a prayer for relief, no response is required. To the extent that a responsive pleading is required, Defendants deny that

1 | Plaintiff is entitled to the relief requested or any relief whatsoever. Defendants deny each and every remaining allegation in paragraph 54 of the Amended Complaint.

55. To the extent that paragraph 55 contains nothing more than a prayer for relief, no response is required. To the extent that a responsive pleading is required, Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever. Defendants deny each and every remaining allegation in paragraph 55 of the Amended Complaint.

## SIXTH CAUSE OF ACTION

56. With respect to paragraph 56 of the Amended Complaint, Defendants incorporate its responses to the allegations contained in paragraphs 1-55 above as though fully set forth herein.

57. Defendants deny each and every allegation in paragraph 57 of the Amended Complaint.

58. Defendants deny each and every allegation in paragraph 58 of the Amended Complaint.

59 Defendants admit Plaintiff filed a Complaint with the California Department of Fair Employment and Housing ("DFEH"). Defendants deny that Plaintiff's Complaint was timely in all respects, or that she exhausted her administrative remedies as required by the Fair Employment and Housing Act. Defendants admit that Plaintiff received notice of her right to sue.

60. To the extent that paragraph 60 contains nothing more than a prayer for relief, no response is required. To the extent that a responsive pleading is required, Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever. Defendants deny each and every remaining allegation in paragraph 60 of the Amended Complaint.

61. To the extent that paragraph 61 contains nothing more than a prayer for relief, no response is required. To the extent that a responsive pleading is required, Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever. Defendants deny each and every remaining allegation in paragraph 61 of the Amended Complaint.

///
///

### SEVENTH CAUSE OF ACTION

62. With respect to paragraph 62 of the Amended Complaint, Defendants incorporate its responses to the allegations contained in paragraphs 1-61 above as though fully set forth herein.

63. To the extent that paragraph 63 of the Amended Complaint contains statements of law, no response is required. Except as so admitted, Defendants deny the allegations in paragraph 63 of the Amended Complaint.

64. Defendants deny each and every allegation in paragraph 64 of the Amended Complaint.

65. Defendants deny each and every allegation in paragraph 65 of the Amended Complaint.

66. To the extent that paragraph 66 contains nothing more than a prayer for relief, no response is required. To the extent that a responsive pleading is required, Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever. Defendants deny each and every remaining allegation in paragraph 66 of the Amended Complaint.

67. To the extent that paragraph 67 contains nothing more than a prayer for relief, no response is required. To the extent that a responsive pleading is required, Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever. Defendants deny each and every remaining allegation in paragraph 67 of the Amended Complaint.

### AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses to the Amended Complaint:

### FIRST DEFENSE

1. As a separate defense to the Amended Complaint and to each cause of action therein, Defendants allege that the Amended Complaint and each purported cause of action therein, fails to state a claim upon which relief may be granted.

///

///

///

**SECOND DEFENSE**

2. As a separate defense to the Amended Complaint and to each cause of action therein, Defendants allege that Plaintiff approved and ratified the actions complained of therein and is barred from asserting any claims upon which Plaintiff now seeks relief.

**THIRD DEFENSE**

3. As a separate defense to the Amended Complaint and to each cause of action therein, Defendants allege that Plaintiff relinquished and waived any right to any of the claims upon which Plaintiff now seeks relief.

**FOURTH DEFENSE**

4. As a separate defense to the Amended Complaint and to each cause of action therein, Defendants allege that Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

**FIFTH DEFENSE**

5. As a separate defense to the Amended Complaint and to each cause of action therein, Defendants allege that any alleged conduct or omission by any Defendant was not the cause in fact or proximate cause of any injury alleged by Plaintiff.

**SIXTH DEFENSE**

6. As a separate defense to the Amended Complaint and to each cause of action therein, Defendants allege that any relief Plaintiff may be entitled to should be barred and/or limited by subsequently discovered evidence of misconduct by Plaintiff which would have resulted in Plaintiff's termination.

**SEVENTH DEFENSE**

7. As a separate defense to the Amended Complaint and each cause of action therein, Defendants allege that Plaintiff has failed to comply with California Labor Code sections 2854, 2856, 2858 and 2859, respectively, to the extent that Plaintiff failed to use ordinary care and diligence in the performance of Plaintiff's duties, failed to substantially comply with the reasonable directions of Plaintiff's alleged employer, and failed to exercise a reasonable degree of skill in performing Plaintiff's job duties.

OHS West:260961229.1

### EIGHTH DEFENSE

8.  As a separate defense to the Amended Complaint and to each cause of action therein, Defendants allege that any alleged action which Defendants took with respect to Plaintiff's employment was privileged and justified.

### NINTH DEFENSE

9.  As a separate defense to the Amended Complaint and to each cause of action therein, Defendants allege that Plaintiff may have failed to exhaust her administrative remedies as required under the California Fair Employment and Housing Act, Cal. Govt. Code section 12900 *et seq.*

### TENTH DEFENSE

10. As a separate defense to the Amended Complaint and to each cause of action therein, Defendants allege that the alleged actions complained of were not based upon discriminatory or retaliatory reasons, but were based upon legitimate, non-discriminatory, non-retaliatory job-related reasons.

### ELEVENTH DEFENSE

11. As a further defense to the Amended Complaint and to each cause of action therein, Defendants assert that, even if it is determined that a discriminatory or retaliatory reason motivated the adverse employment action as alleged by Plaintiff, which Defendants continue to deny, Defendants would have, in any event, taken the same action based upon other legitimate, non-discriminatory, non-retaliatory reasons standing alone and in the absence of the alleged discriminatory reason.

### TWELFTH DEFENSE

12. As a separate defense to the Amended Complaint and to each cause of action therein, Defendants allege that any action taken by Defendants is protected by the doctrine of business necessity.

/ / /

/ / /

/ / /

**THIRTEENTH DEFENSE**

13. As a separate defense to the Amended Complaint and to each cause of action therein, Defendants allege that the termination decision was objectively reasonable and made in good faith.

**FOURTEENTH DEFENSE**

14. As a separate defense to the Amended Complaint and each cause of action therein, Defendants allege that Plaintiff, by Plaintiff's acts or omissions, is estopped from asserting any claims upon which Plaintiff now seeks relief.

**FIFTEENTH DEFENSE**

15. As a separate defense to the Amended Complaint and to each cause of action therein, Defendants allege that Plaintiff has unreasonably delayed bringing this action to the prejudice of Defendants, and therefore Plaintiff's cause of action therein is barred by the doctrine of laches.

**SIXTEENTH DEFENSE**

16. As a separate defense to the Amended Complaint and to each cause of action therein, by Plaintiff's acts and omissions, is barred by the doctrine of unclean hands from asserting any of the claims upon which Plaintiff seeks relief.

**SEVENTEENTH DEFENSE**

17. As a separate defense to the Amended Complaint and to each cause of action therein, Defendants allege that Plaintiff's recovery in this action is barred by Plaintiff's failure to exercise reasonable care and diligence to mitigate Plaintiff's alleged damages. Alternatively, Defendants allege that any recovery by Plaintiff should be reduced by those damages that Plaintiff failed to mitigate.

**EIGHTEENTH DEFENSE**

18. As a separate defense to the Amended Complaint and to each cause of action therein, Defendants allege that any recovery by Plaintiff is barred or must be reduced as a result of Plaintiff's comparative fault.

///

### NINETEENTH DEFENSE

19. As a separate defense to the Amended Complaint and to each cause of action therein, Defendants allege that Plaintiff failed to exercise reasonable and ordinary care with respect to the matters complained of, and Plaintiff's alleged damages were proximately caused by Plaintiff's own negligence.

### TWENTIETH DEFENSE

20. As a separate defense to the Amended Complaint and to each cause of action therein, Defendants allege that Plaintiff, by Plaintiff's acts and omissions is barred by the doctrine of bad faith from asserting the claims upon which Plaintiff seeks relief.

### TWENTY-FIRST DEFENSE

21. As a separate defense to the Amended Complaint and to each cause of action therein, Defendants deny the allegations contained therein, but also alleges that any violation was not the result of any willful conduct by Defendants.

### TWENTY-SECOND DEFENSE

22. As a separate defense to the Amended Complaint and to each cause of action therein, Defendants allege that Plaintiff's claims are preempted by the National Bank Act, 12 U.S.C. Section 24.

### TWENTY-THIRD DEFENSE

23. As a separate defense to the Amended Complaint and to each cause of action therein, Defendants allege that Plaintiff has failed to state facts sufficient to support an award of punitive, exemplary, and/or emotional distress damages against Defendants.

### TWENTY-FOURTH DEFENSE

24. As a separate defense to the Amended Complaint and to each cause of action therein, Defendants allege it cannot be held liable for punitive damages because, at the time of the alleged acts or omissions giving rise to Plaintiff's claim for punitive damages, Defendants had implemented in good faith one or more policies prohibiting the alleged acts or omissions and/or had otherwise had made good faith efforts to comply with the applicable law.

///

### TWENTY-FIFTH DEFENSE

25. As a separate defense to the Amended Complaint and to each cause of action therein, Defendants allege that imposition of punitive damages would violate Defendants' due process and equal protection rights guaranteed by the United States Constitution.

### TWENTY-SIXTH DEFENSE

26. As a separate defense to the Amended Complaint and to each cause of action therein, Defendants allege that Plaintiff is not entitled to punitive damages because there was no advance knowledge and/or conscious disregard, authorization, ratification or act of oppression, fraud or malice on the part of any officer, director, or managing agent of Defendants.

### USBEF'S COUNTERCLAIMS AGAINST PLAINTIFF MARGARET PETERSON

1. This is an action by USBEF to recover an inadvertent overpayment made to a former employee. Demand was made for the repayment of overpayment on two occasions. Despite the demands, the former employee refuses to repay the amounts owed to USBEF.

### PARTIES

2. U.S. Bancorp Equipment Finance, Inc. ("USBEF"), at all times material hereto, was, and is, a wholly owned subsidiary of U.S. Bank National Association.

3. Plaintiff Margaret Peterson ("Peterson") was an employee of USBEF in one of its offices located in Larkspur, California.

### JURISDICTION AND HEARING VENUE

4. This Court has jurisdiction to hear and decide this controversy pursuant to 28 U.S.C. §1367(a) as the counterclaims arise out of the same transaction or occurrence as the claims in this matter.

5. This Court has personal jurisdiction both because Peterson has conducted business within the State of California and because of the already-pending action initiated by Peterson.

6. Venue for these counterclaims is proper in this judicial district pursuant to 28 U.S.C. §§1391(a)(1) and 1391(a)(2). This action was originally brought in the Superior Court of California, County of Marin.

OHS West:260961229.1

13

## FACTS COMMON TO ALL COUNTERCLAIMS

7. On or about March 4, 2009, USBEF terminated Peterson's employment as part of a company-wide reduction in force. As part of the reduction-in-force, Peterson was offered a separation agreement and release which provided for severance benefits in exchange for the execution of the agreement. Peterson's last day of employment with USBEF was March 13, 2009. Pursuant to the terms of the separation agreement, Peterson was required to sign the agreement by May 12, 2009. The terms of the agreement make clear that the receipt of severance benefits was subject to Peterson signed the agreement. Peterson declined to sign the separation agreement.

8. On March 31, 2009, USBEF's automated payment system mistakenly issued an initial severance payment to Peterson in the amount of $4,941.49.

9. In April 2010, individuals in U.S. Bank's payroll department discovered the mistaken payment. Peterson did not execute the separation agreement and was thus not entitled to any severance benefits.

10. On or about April 26, 2010, U.S. Bank sent Peterson a letter demanding the immediate return of the $4,941.49 but Peterson failed to return the property to USBEF. A copy of U.S. Bank's written demand for return of the property is attached hereto as Exhibit A and made a part hereof.

11. On June 11, 2010, U.S. Bank sent Peterson a second letter demanding the immediate return of the $4,941.49 but Peterson failed to return the property to USBEF. A copy of U.S. Bank's written demand for return of the property is attached hereto as Exhibit B and made a part hereof.

## FIRST COUNTERCLAIM
### (Conversion)

12. USBEF incorporates Paragraphs 1-11 fully herein by reference.

13. At all times herein mentioned, and in particular on or about March 31, 2009, USBEF was, and still is, the owner of the $4,941.49 and was, and still is, entitled to the possession of the $4,941.49.

OHS West:260961229.1

14

14. On or about April 26, 2010, U.S. Bank sent Peterson a letter demanding the immediate return of the $4,941.49 but Peterson failed and refused, and continues to fail and refuse, to return the property to USBEF. A copy of U.S. Bank's written demand for return of the property is attached hereto as Exhibit A and made a part hereof.

15. On June 11, 2010, U.S. Bank sent Peterson a second letter demanding the immediate return of the $4,941.49 but Peterson failed and refused, and continues to fail and refuse, to return the property to USBEF. A copy of U.S. Bank's written demand for return of the property is attached hereto as Exhibit B and made a part hereof.

16. Peterson's acts alleged above were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

## SECOND COUNTERCLAIM
(Money Had and Received)

17. USBEF incorporates Paragraphs 1-16 fully herein by reference.

18. On or about March 31, 2009, Peterson became indebted to USBEF. At that time, USBEF had inadvertently deposited $4,941.49 into Peterson's bank account. Accordingly, the amount of $4,941.49 became due and owing on that date.

19. On or about April 26, 2010, U.S. Bank sent a demand letter to Peterson for the immediate return of $4,941.49 A copy of the demand letter is attached hereto as Exhibit A. To date, Peterson has not repaid the $4,941.49.

20. On or about June 11, 2010, U.S. Bank sent a demand letter to Peterson for the immediate return of $4,941.49 A copy of the demand letter is attached hereto as Exhibit B. To date, Peterson has not repaid the $4,941.49.

## THIRD COUNTERCLAIM
(Unjust Enrichment)

21. USBEF incorporates Paragraphs 1-20 fully herein by reference.

22. On or about March 31, 2009, Peterson took possession of $4,941.49 which did not belong to her but belonged to USBEF.

///

15

OHS West:260961229.1

23. On or about April 26, 2010, U.S. Bank sent a demand letter to Peterson for the immediate return of $4,941.49 A copy of the demand letter is attached hereto as Exhibit A. To date, Peterson has not repaid the $4,941.49.

24. On or about June 11, 2010, U.S. Bank sent a demand letter to Peterson for the immediate return of $4,941.49 A copy of the demand letter is attached hereto as Exhibit B. To date, Peterson has not repaid the $4,941.49.

25. Allowing Peterson to retain the $4,941.49 would result in an overpayment to Peterson, and would result in Peterson being unjustly enriched to the detriment of USBEF.

## FOURTH COUNTERCLAIM
### (Mistaken Receipt)

26. USBEF incorporates Paragraphs 1-25 fully herein by reference.

27. On or about March 31, 2009 U.S. Bank inadvertently deposited $4,941.49 into Peterson's bank account. Peterson had no legal right to this money.

28. On or about April 26, 2010, U.S. Bank sent a demand letter to Peterson for the immediate return of $4,941.49 A copy of the demand letter is attached hereto as Exhibit A. To date, Peterson has not repaid the $4,941.49.

29. On or about June 11, 2010, USBEF sent a demand letter to Peterson for the immediate return of $4,941.49 A copy of the demand letter is attached hereto as Exhibit B. To date, Peterson has not repaid the $4,941.49.

WHEREFORE, USBEF requests that it be granted an award against Peterson for the following:

1. $4,941.49;
2. Punitive damages;
3. For cost of suit herein, including reasonable attorneys' fees; and
4. For such other and further relief as the Court deems just.

///
///
///

## USBEF'S AND U.S. BANCORP'S PRAYER FOR RELIEF

WHEREFORE, Defendants prays for relief as follows:

1. That the Amended Complaint be dismissed with prejudice and that Plaintiff take nothing thereby;
2. For Defendants' cost of suit herein, including reasonable attorneys' fees;
3. That judgment be entered in favor of USBEF on all counterclaims; and
4. For such other and further relief as the Court deems just.

Dated:  August 6, 2010

TIMOTHY J. LONG
ANDREA L. BROWN
Orrick, Herrington & Sutcliffe LLP

_____
ANDREA L. BROWN
Attorneys for Defendants
U.S. BANCORP EQUIPMENT FINANCE, INC.,
and U.S. BANCORP

OHS West:260961229.1

17